**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000376
26-FEB-2019
08:12 AM**

NO. CAAP-15-0000376

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KAIOLOHIA PETER GALANTE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE. NO. 3DTA-14-01830)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Kaiolohia Peter Galante (**Galante**) appeals from the Judgment (**Judgment**)[1] entered by the District Court of the Third Circuit (**District Court**) on January 30, 2015, and the Amended Judgment (**Amended Judgment**)[2] entered by the District Court on March 2, 2015. Galante was convicted on one count of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(4) (2007)[3] (**Count 1**) and two counts of Inattention to

---

[1] The Honorable Diana L. Van De Car entered the Judgment.

[2] The Honorable Margaret K. Masunaga entered the Amended Judgment.

[3] HRS § 291E-61 provides, in relevant part:

>   (a)   A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
>   . . . .
>
>        (4)   With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

Driving in violation of HRS § 291-12 (Supp. 2008).[4]  He contends that the District Court erred by:

> 1.   admitting his blood alcohol test result into evidence despite insufficient foundation; and

> 2.   convicting him on two counts of inattention to driving when the offenses arose from the same course of conduct and should have merged under HRS § 701-109(1)(e) (1993).[5]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we affirm in part, vacate in part, and remand for the reasons set forth below.

## I.

Galante first contends that the District Court erred by admitting evidence of his blood alcohol test result despite insufficient foundation.  At the trial,[6] the State called several witnesses who testified about the collection, chain of custody, and testing of Galante's blood sample.  The medical technologist

---

[4]HRS § 291-12 provides:

> Whoever operates any vehicle without due care or in a manner as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100 which shall be deposited into the trauma system special fund.

[5]HRS § 701-109 provides, in relevant part:

> (1)   When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element.  The defendant may not, however, be convicted of more than one offense if:
>
> . . . .
>
> (e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

[6]The Honorable Diana L. Van De Car presided over the trial.

2

who drew Galante's blood sample testified that she followed the standard procedures in doing so and that she signed State's exhibit six – the state Administrative Driver's License Revocation Office **(ADLRO)** form – by which she swore that she utilized "a procedure in conformance with the State of Hawai'i Department of Health according to Title 11, Chapter 114, Hawai'i Administrative Rules". The last witness called was Dr. Clifford Wong, the toxicologist who confirmed the test results. The deputy prosecutor asked him what the test results from Galante's blood sample were. There was no objection. Dr. Wong testified that the lowest of three results was "0.151 grams per 100 milliliters of whole blood." He also testified that he reported the 0.151 result on State's exhibit 6. State's exhibit 6 was received in evidence without objection. Evidence to which no objection has been made is properly considered by the trier of fact and its admission will not constitute ground for reversal. State v. Metcalfe, 129 Hawai'i 206, 225, 297 P.3d 1062, 1081 (2013). Even if there had been insufficient foundation for admission of the test result, "objections to the admission of incompetent evidence, which a party failed to raise at trial, are generally not subject to plain error review." Id. The Judgment is affirmed as to Count 1.

## II.

Galante's second contention is that the District Court erred by denying his oral motion for judgment of acquittal on the multiple counts for inattention to driving and by denying his motion to reconsider and modify sentence. The evidence at trial was that on June 24, 2013, a truck driven by Galante collided with the rear of a Ford Explorer driven by Emilia Parrish, in which Virginia Lyon was a passenger. Galante was charged with three counts of inattention to driving: one for causing damage to the Ford Explorer **(Count 2)**, one for causing injury to Parrish **(Count 3)**, and one for causing injury to Lyon **(Count 4)**. After the State rested, Galante orally moved for judgment of acquittal. His defense counsel argued:

3

> This accident -- this incident stems from a single accident. It's a single course of events. By charging multiple Inattentions [sic] to Driving this would be bad public policy to convict for multiple Inattentions [sic] because this just opens up liability.

Count 4 was dismissed without objection by the State after Lyon did not testify at the trial. Of Counts 2 and 3 the District Court stated:

> On the other two there was -- it's my understanding, . . . that the Defendant can be prosecuted for all offenses that arise out of this conduct. So it would seem that he did damage the vehicle and also caused substantial injury to Emilia Parrish.
>
> . . . .
>
> And I'm also concluding as a matter of law that the State can prosecute the Defendant for all the crimes that occurred through his conduct.

The District Court correctly held that Galante could be prosecuted for multiple offenses arising from one accident; however, Galante could only have been convicted of one offense if the offenses merged pursuant to HRS § 701-109(1)(e).[7] State v. Padilla, 114 Hawaiʻi 507, 517, 164 P.3d 765, 775 (App. 2007).

The uncontroverted trial evidence showed that there was a single collision between Galante's vehicle and one other vehicle containing two occupants – i.e., that Galante "basically engaged in only one course of criminal conduct directed at one criminal goal." State v. Matias, 102 Hawaiʻi 300, 305, 75 P.3d 1191, 1196 (2003) (alteration omitted). Galante should only have been convicted once for inattention to driving in violation of HRS § 291-12.[8] Accordingly, we vacate the Judgment and Amended Judgment as to Counts 2 and 3 and remand to the District Court. On remand, the State will have the option of dismissing either Count 2 or Count 3 and retaining the Judgment and Amended

---

[7]See note 5, supra.

[8]See note 4, supra.

4

Judgment on the non-dismissed count.[9]  <u>Padilla</u>, 114 Hawaiʻi at 517, 164 P.3d at 775.

DATED: Honolulu, Hawaiʻi, February 26, 2019.

On the briefs:

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellant.

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawaiʻi
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Keith K. Hiraoka

Associate Judge

---

[9]The District Court sentenced Galante to one day in jail on Count 2 and one day in jail on Count 3, to run concurrently, a $7 driver's education fee on each count, and a $100 trauma surcharge on each count.  Galante stipulated to restitution in the amount of $4,847.00.